IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MUTUAL SECURITIES, INC.; AARON JASPER; MITCHELL VOSS; RYAN SABOL; NICHOLAS DAMIANI; and JULIE COHEN, <br><br> Petitioners, <br><br> v. <br><br> VINCENT F. GILOTTI and MARY LOU GILOTTI <br><br> Respondents. | CIVIL ACTION <br><br> NO. 21-5031 |

### MEMORANDUM RE: PLAINTIFFS' AMENDED PETITION TO VACATE ARBITRATION AWARD

**Baylson, J.**                                                                                                               **December 14, 2022**

      Plaintiffs Mutual Securities Inc., Aaron Jasper, Mitchell Voss, Ryan Sabol, Nicholas Damiani, and Julie Cohen (together, "Mutual") operate a brokerage firm, of which Aaron Jasper, Mitchell Voss, Ryan Sabol, Nicholas Damiani, and Julie Cohen are employees. Mutual brings a Complaint (better termed a "Petition to Vacate an Arbitration Award," to be consistent with the Federal Arbitration Act), stemming from a dispute with Defendants Vincent and Mary Lou Gilotti ("the Gilottis"). The Gilottis did not enter an appearance in this case, and no answer to the Petition was submitted. Mutual seeks to vacate the portion of the Arbitration Award that denied expungement for Plaintiffs Aaron Jasper, Mitchell Voss, and Ryan Sabol.

      The Federal Arbitration Act ("FAA") bestows limited jurisdiction on federal district courts over disputes arising out of arbitration awards made in the district in which the court sits.

      A district court "may make an order vacating the award upon the application of any party to the arbitration . . . where the arbitrators exceeded their powers[.]" 9 U.S.C. § 10(a)(4).

1

Upon review of the record and arguments made by Mutual, this Court will deny the Petition to Vacate the Arbitration Award as beyond its statutory power under the FAA as construed by settled precedent.

## I.  SUMMARY OF ALLEGED FACTS AND PROCEDURAL HISTORY

The facts as alleged by Mutual are as follows.  Mutual and the Gilottis entered into an agreement concerning investments and containing a mandatory arbitration clause.  Am. Pet. (ECF 4) ¶ 13.  Later, the Gilottis filed an arbitration demand with the Financial Industry Regulatory Authority ("FINRA") in Philadelphia to address their claims against Mutual.  Id.  In response to the Gilottis' demand for arbitration, Mutual "including the individual employees named as parties in this case" filed answers and a counterclaim, and sought fees and costs that would be incurred to seek expungement of these charges from their brokerage records.  Id. at ¶ 14.  No party sought a ruling specifically on whether expungement should or should not be allowed.  Id. at ¶¶ 14-15.

### A.  Arbitration Procedural History

At the Arbitration Hearing, the arbitration panel ("the Panel") found in the Gilottis' favor, and awarded the Gilottis attorneys' fees and costs, which Mutual promptly paid.  Am. Pet. ¶¶ 19, 21.  Additionally, without request from the Gilottis, the Panel explicitly denied expungements for Plaintiffs Aaron Jasper, Mitchell Voss, and Ryan Sabol.  Orig. Compl. ¶ 17.  By contrast, the Panel granted expungement for Plaintiff Nicholas Damiani, as well as for Damiani's fees and costs on his counterclaim and sanctions against the Gilottis for including Damiani in the arbitration.  Am. Pet. ¶ 22; Am. Pet. Ex. 5 (ECF 4-6) at 5.

After the Arbitration Hearing, and after some confusion regarding payments, the Panel issued an order ("the Order") denying Mutual's request to vacate the denial of expungement for

2

Plaintiffs Jasper, Voss, and Sabol because "none of the criteria necessary to find expungement should be granted are applicable to these [Plaintiffs]." Id. at ¶¶ 21-22.

### B. Subsequent Procedural History

Mutual filed this Complaint, or "Petition to Vacate the Arbitration Award" on November 15, 2021 ("the Original Petition"). Orig. Pet. (ECF 1). Summons were served on the Gilottis through their counsel. Summons (ECF 7). The Gilottis did not enter an appearance and no answer was filed. On December 22, 2021, Mutual filed an Amended Complaint, or "Amended Petition to Vacate the Arbitration Award" ("the Amended Petition"). Am. Pet. (ECF 4). Again, no answer was filed. On November 3, 2022, Mutual filed a Notice of Non-Opposition, requesting that its Petition be considered under the same standard as an unopposed Motion for Summary Judgment. Notice (ECF 9). Mutual seeks relief on a single issue: vacating the portion of the Award that denied expungement to Plaintiffs Jasper, Voss, and Sabol. Am. Pet. ¶ 18c.

Mutual argues that the Panel exceeded its authority by ruling on "the unsubmitted issue of expungement." Id. at ¶ 25. Mutual argues that the Panel's authority was derived from the agreement to arbitrate and the issues that the parties submitted. Id. at ¶¶ 27-28. Because neither party requested expungement, only fees and costs related to expungement, Mutual argues that the Panel exceeded its powers. Id. at ¶¶ 20-44.

### II. STANDARD OF REVIEW

"A petition to confirm an arbitration award under the FAA is a motion, not a pleading." CPR Management, S.A. v. Devon Park Bioventures, L.P., 19 F.4th 236, 243 (3d Cir. 2021). When a Petition to Vacate is unanswered, the unanswered petition should be treated "as an unopposed motion for summary judgment." Intellisystem, LLC v. McHenry, 2019 WL 2715373, at *2 (E.D. Pa. June 26, 2019) (Surrick, J.); see also AAMCO Transmissions, LLC v. Winard, 2021 WL

2646887, at *1 (E.D. Pa. June 28, 2021) (Kenney, J.). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). If a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion" and may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3).

Courts must be extremely deferential to final arbitration awards, and an arbitral award that even arguably construes or applies the contract must stand. Oxford Health Plans, LLC v. Sutter, 569 U.S. 564, 569 (2013). The Federal Arbitration Act permits federal district courts to vacate arbitration decisions "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). A court must "determine if the form of the arbitrators' award can be rationally derived from either the agreement between the parties or from the parties['] submissions to the arbitrators." Mutual Fire, Marine & Island Ins. Co. v. Norad Reinsurance Co. Ltd., 868 F.2d 52, 56 (3d Cir. 1989). "[T]he terms of the arbitral award will not be subject to judicial revision unless they are 'completely irrational.'" Id. citing Swift Indus. v. Botany Indus., 466 F.2d 1125, 1131 (3d Cir. 1972).

### III.   ANALYSIS OF MUTUAL'S PETITION TO VACATE

Mutual request this Court to vacate the Panel's Order, arguing that the Panel exceeded its powers when it found that a request for expungement was implied in Mutual's request for fees and costs of subsequent expungement proceedings, and also exceeded its powers when the Panel subsequently denied expungement for Plaintiffs Jasper, Voss, and Sabol. Am. Pet. ¶¶ 41-52. A

district court "must [first] examine the form of the relief awarded to determine if it is rationally derived either from the agreement between the parties or from the parties' submissions to the arbitrators, and second, the Court must determine whether the terms of the relief are rational." Southco, Inc. v. Reell Precision Mfg. Corp., 556 F. Supp. 2d 505, 511 (E.D. Pa. 2008) (Joyner, J.).

In order to expunge information from the CRD system arising from disputes with customers, members or associated persons "must obtain an order from a court of competent jurisdiction directing such expungement or confirming an arbitration award containing expungement relief." FINRA Code of Arbitration Procedure Rule 2080(a).

Mutual argues that it did not have to seek expungement from the Panel, and that it was only seeking fees and costs for a separate expungement proceeding before an appropriate court. Am. Pet. ¶¶ 39-41. Mutual argues that because the specific customer agreement and arbitration agreement does not discuss expungement it was not "before" the Panel, and thus the Panel's order on expungement was not derived from the contract at issue. Id. at ¶¶ 32-36. Does this ignore Mutual's own request that the Panel award it "such other relief at law or in equity to which they are entitled." Am. Pet. Ex. 5 (ECF 4-6) at 4?[1]

O:\CIVIL 21\21-5031 Mutual Securities, Inc. et al v. Giloitti et al\21cv5031 Memorandum Re Plffs' Amended Petition to Vacate Arb Award.docx

---

[1] By contrast, the Panel did grant expungement to one Plaintiff, Damiani, pursuant to judicial confirmation as required by FINRA Rule 2080, and the Panel awarded costs and fees for these proceedings in alignment with Petitioners' request. Am. Compl. Ex. 5 (ECF 4-6) at 5-6. In accordance with the requirement that the Panel provide a brief written explanation for why expungement was appropriate for Damiani, the Panel explained that "Damiani was not involved in the investment-related alleged sales practice violation that was the subject of [the dispute]" because Damiani's responsibilities "were limited to providing technological assistance." Am. Compl. Ex. 5 (ECF 4-6) at 6. Based on the Panel's statement, the Panel determined that the grounds for expungement for Damiani were found in Rule 2080(b)(1)(B): "[t]he registered person was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation or conversion of funds." Does the absence of similar facts in regard to Plaintiffs Jasper, Voss, and Sabol support the conclusion that the Panel underwent a reasonable, rational analysis of each individual Plaintiff's expungement request?